NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONTANA WILDLIFE FEDERATION;
THE WILDERNESS SOCIETY;
NATIONAL AUDUBON SOCIETY;
NATIONAL WILDLIFE FEDERATION;
MONTANA AUDUBON,

              Plaintiffs-Appellees,

  v.

DEB HAALAND, in her official capacity as
Secretary of the Interior; DONATO JUDICE,
in his official capacity as Montana Bureau of
Land Management State Director; BUREAU
OF LAND MANAGEMENT; U.S.
DEPARTMENT OF THE INTERIOR,

              Defendants,

STATE OF WYOMING; WESTERN
ENERGY ALLIANCE; STATE OF
MONTANA,

              Intervenor-Defendants,

  v.

ANSCHUTZ EXPLORATION
CORPORATION, Proposed Defendant-
Intervenor,

No.    20-35793

D.C. No. 4:18-cv-00069-BMM

MEMORANDUM[*]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Movant-Appellant.

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted June 9, 2021
Seattle, Washington

Before: GOULD, CLIFTON, and MILLER, Circuit Judges.

Movant-Appellant Anschutz Exploration Corporation ("AEC") appeals the District Court's order denying its motion to intervene in this case. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

In the underlying litigation giving rise to this appeal, Plaintiffs challenge a policy adopted by the Bureau of Land Management in 2017 to accelerate the issuance of federal oil and gas leases. We assume familiarity with the background of this policy, which we discussed in a recent opinion. *See W. Watersheds Project v. Haaland*, No. 20-35780, __ F.4th __ (9th Cir. __, 2022). As in *Western Watersheds*, the Plaintiffs here challenge certain lease sales that took place under this policy, including a June 2018 sale in Wyoming at which AEC acquired oil and gas leases spanning roughly 24,000 acres. In May 2020, the District Court partially granted Plaintiffs' motion for summary judgment and vacated these lease sales. Less than two months after the District Court's order, AEC moved to intervene solely to appeal the vacatur of the sales impacting its leases.

We review a denial of intervention de novo, and we review the timeliness element for abuse of discretion. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016).

Under Rule 24(a), a nonparty is entitled to intervention as of right when it "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). Although AEC has satisfied the second and third elements, the District Court concluded that AEC's motion was untimely and that its interests were adequately represented by Western Energy Alliance ("WEA"), a trade association that intervened to represent the interests of member companies in the oil and gas industry, including AEC.

To determine whether a motion for intervention as of right is timely, we consider the totality of circumstances facing the would-be intervenor, with a focus on three primary factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith*, 830 F.3d at 854. Here, AEC moved to intervene within the 60-day window to appeal the District Court's summary judgment decision, which weighs in favor of a conclusion that its motion was timely, *see W.*

3

*Watersheds*, slip op. at 15. The only prejudice identified by the District Court was the prospect that Plaintiffs would be forced to confront "additional . . . briefing" and "possible additional arguments" on appeal. As we have explained in a nearly identical context, however, that is "a poor reason to deny intervention, particularly given the possibility that [AEC's] additional arguments could prove persuasive." *W. Watersheds*, slip op. at 21. Although AEC argued that it did not intervene earlier merely because "it had no reasonable basis to believe that the court would vacate its leases," *cf. W. Watersheds*, slip op. at 23–24, weighing all three timeliness factors, we conclude that the District Court abused its discretion in concluding that AEC's motion was untimely.

To evaluate the adequacy-of-representation element, we consider three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). Although the arguments AEC seeks to raise would become moot if intervention were granted, *cf. W. Watersheds* slip op. at 26, the requirements in Rule 24(a) are to be "broadly interpreted in favor of intervention," and "our review is guided primarily by practical considerations, not technical

distinctions," *Citizens for Balanced Use*, 647 F.3d at 897 (citation omitted).  Here, Plaintiffs have challenged lease sales encompassing hundreds of thousands of acres across Montana and Wyoming.  Like the would-be intervenor in *Western Watersheds*, *see* slip op. at 9, AEC has invested considerable resources to acquire and develop the leasehold interest now jeopardized by this litigation, and thus "has a substantial due process interest in the outcome of this litigation by virtue of its contract" with the federal government, *id.* at 28.  Thus, the practical considerations in this case persuade us that AEC should be allowed to intervene for purposes of appealing the District Court's summary judgment order.

Accordingly, we reverse the District Court's order denying AEC's motion to intervene.  We need not reach the court's other grounds for denying intervention.

Costs to be taxed against Plaintiffs-Appellees.

**REVERSED and REMANDED for further proceedings**.